# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MOHAMED ABDINASIR , SHARIF,** <br> **A# 208689278,** | : <br> : | **CIVIL ACTION NO.  3:16-CV-2294** |
| **Petitioner** | : | **(Judge Munley)** |
| v. | : <br> : | |
| **MARY E. SABOL, THOMAS DECKER,** | : <br> : <br> : | |
| **Respondents** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Mohamed Abdinasir Sharif ("Petitioner"), presently a detainee of the United States Immigration and Customs Enforcement ("ICE"), incarcerated at the York County Prison, York, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on November 15, 2016.  (Doc. 1).

Respondents filed a response (Doc. 5) to the petition on December 22, 2016.  Sharif filed his traverse (Doc. 6) on January 4, 2017.  The petition is currently ripe for disposition and, for the reasons set forth below, the petition will be dismissed without prejudice.

**I.     Background**

Petitioner is a native and citizen of Somalia.  (Doc. 1, p. 1).  He was apprehended by U.S. Customs and Border Protection on November 25, 2015, at Brownsville, Texas Port of Entry, with no valid immigration documents.  (Doc. 5-1, pp. 4, 7).  On December 28, 2015, ICE issued a Notice and Order of Expedited Removal charging him as being removable from the United States pursuant to Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality

Act, ("INA"), as amended. (Id. at 7). On April 26, 2016, an Immigration Judge ("IJ") denied his applications for Withholding of Removal, Asylum, and Withholding of Removal under Article III of the Convention Against Torture, and ordered him removed from the United States to Somalia. (Id.). He waived his right to appeal. (Id. at 7, 10) The removal order is therefore administratively final.

On August 2, 2016, and October 28, 2016, Petitioner received decisions to continue his detention. (Id. at 7-9). In the October decision, ICE represented that it is currenlty working with the government of Somalia to secure a travel document and that the travel document is expected. (Id. at 11).

Petitioner contends that he "is entitled to immediate release from detention, and he would be released but for DHSs [sic] unlawful interpretation of Immigration and Customs Enforcement (ICE)." (Doc. 1, p. 1).

## II.   Discussion

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231. Under § 1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B) provides the following:

> The removal period begins to run on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.

> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. §1231. At the conclusion of the ninety-day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) & ( 6). The statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." Zadvydas v. Davis, 533 U.S. 678, 689 (2001). "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention." Id. at 701.

Following Zadvydas, regulations were promulgated to meet the criteria established by the Supreme Court. See 8 C.F.R. § 241.4. Prior to the expiration of the mandatory ninety-day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(i). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Post Order Detention Unit ("HQPDU") for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU asserting the basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(d)(1).

The Zadvydas court held that "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future," stating that the alien petitioner has the burden of "provid[ing] good reason to believe that there is no [such] likelihood" before the government respondents would be required to provide rebuttal evidence. See Zadvydas, 533 U.S. at 701. See also Encarnacion-Mendez v. Attorney General of U.S., 176 F. App'x 251, 254 (3d Cir. 2006). As the Third Circuit explained, "[o]nce the six-month period has passed, the burden is on the alien to 'provide [ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future . . . ' Zadvydas v. Davis, 533 U.S. 678, 701 (2001). Only then does the burden shift to the Government, which 'must respond with evidence sufficient to rebut that showing.' Id." Barenboy v. Attorney General of U.S., 160 F. App'x. 258, 261 n. 2 (3d Cir. 2005).

If at the conclusion of the six-month period the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701. Not every alien must be released after six months. An alien may still be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

In the matter *sub judice*, the presumptively reasonable six month period began running on April 26, 2016, the date the order of removal became administratively final. The six-month period has recently expired, and ICE has failed to remove Petitioner. He argues that

no special circumstances exist to justify his continued detention and that there is no significant likelihood of removal in the reasonably foreseeable future and, thus, his detention violates statutes, regulations, and the Constitution. (Doc. 1, pp. 4-6). However, he has failed to present evidence that there is no significant likelihood of his removal in the reasonably foreseeable future as required by Zadvydas, 533 U.S. at 701. Consequently, he has not shown that his detention is statutorily unauthorized or violates due process. See, e.g., Joseph v. United States, 127 F. App'x 79, 81 (3d Cir. 2005) (affirming dismissal of § 2241 petition challenging detention pursuant to § 1231(a)(6) because petitioner did not provide "good reason" to believe there is no likelihood of removal); Soberanes v. Comfort, 388 F.3d 1305 (10th Cir. 2004)(same). Moreover, his wholly conclusory statement, that "ICE is unable or unlikely to be able to secure the Petitioner [sic] removal to his country or to any other country, accordingly, their removal is not reasonable foreseeable" has no support in the record. (Doc. 6, p. 3). Accordingly, at this time, on this record, this claim must be dismissed

To the extent that Petitioner challenges the custody review procedure, all indications are that ICE is conducting periodic custody review determinations in accordance with the governing provisions of the Code of Federal Regulations. The regulations pertaining to post-removal-period custody reviews do not require a hearing or an interview prior to the issuance of a decision. See 8 C.F.R. §§ 241.4(h)(1), 241.13(e), (f), (g). Further, "under the rationale of Zadvydas, an alien is not entitled to a hearing unless he has been detained beyond the presumptively reasonable six month period and he alleges facts showing that there is no significant likelihood of removal in the reasonably foreseeable future." Hlimi v.

Holder, Nos. 13-3210, 13-3691, 2013 WL 4500324, at *4 (D.N.J. Aug.20, 2013) (citing Zadvydas, 533 U.S. at 701; Wilson v. Hendricks, No. 12-7315, 2013 WL 324743, at *2 (D.N.J. Jan.25, 2013)).

Significantly, "for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Zadvydas, 533 U.S. at 701. Accordingly, the dismissal of the petition is without prejudice to the filing of a new § 2241 petition, in a new case, in the event that Petitioner is able to allege facts that there is good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future. See Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (recognizing that "[b]ecause circumstances may ultimately change in [petitioner's] situation, we affirm the dismissal [of his habeas petition] without prejudice to [his] ability to file a new § 2241 petition in the future").[1]

---

[1] Petitioner also has the option to submit a new request for review directly with ICE. See 8 C.F.R. § 241.13(d)(1) ("An eligible alien may submit a written request for release to the HQPDU asserting the basis for the alien's belief that there is no significant likelihood that the alien will be removed in the reasonably foreseeable future. The alien may submit whatever documentation to the HQPDU he or she wishes in support of the assertion that there is no significant likelihood of removal in the reasonably foreseeable future").

**III.    Conclusion**

Based on the foregoing, the petition for writ of habeas corpus will be dismissed without prejudice.

An appropriate Order follows.

                                            **BY THE COURT:**

                                            **s/James M. Munley**
                                            **JUDGE JAMES M. MUNLEY**
                                            **United States District Court**

Dated:    January 23, 2017